498 A.2d 887

**COMMONWEALTH of Pennsylvania**

v.

**Daniel ANDERSON, Appellant.**

Superior Court of Pennsylvania.

Argued June 19, 1985.

Filed Sept. 6, 1985.

Dante G. Bertani, Public Defender, Greensburg, for appellant.

Terrance G. Faye, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before ROWLEY, OLSZEWSKI and DEL SOLE, JJ.

OLSZEWSKI, Judge:

This appeal follows judgment of sentence for robbery and criminal conspiracy to commit robbery. The convictions result from appellant's part in the armed robbery of a gas station in Greensburg, Pennsylvania.

Appellant filed timely post-trial motions which were considered and denied by the trial court. Commonwealth filed a notice of its intent to proceed under the mandatory sentencing provision of 42 Pa.C.S. Sec. 9712. Appellant responded with a motion to prevent imposition of the mandatory sentence. The court denied the motion and sentenced appellant to a five to ten year term of imprisonment.

Appellant presents four issues. He alleges first that: the prosecutor in his opening statement unduly prejudiced appellant's case; the evidence failed to establish that appellant had placed the victim in fear of serious bodily harm; and withdrawal of a plea offer denied appellant due process. After reviewing the record and briefs, we deem these issues meritless. We adopt, for purposes of allocatur, the lower court's opinion.

Appellant's fourth issue challenges the constitutionality of the Mandatory Sentencing Act, 42 Pa.C.S. Sec. 9712, *et seq.* [1] He raises a battery of arguments. For the reasons below, we dismiss his challenge.

■ Appellant argues first that Sec. 9712 violates due process by failing to require notice in the information of Commonwealth's intention to proceed under the Mandatory Sentencing Act. The Act does require the Commonwealth to give notice after conviction but before sentencing of its intention to proceed under Sec. 9712. 42 Pa.C.S. Sec. 9712(b). To the extent that visible possession of a firearm during the commission of an offense operates as an "aggravating circumstance" triggering application of the Act, no-

---

1. We note that appellant failed to file a motion to modify sentence. Our court has recently ruled that a claim addressing the constitutionality of the Mandatory Sentencing Act goes to the legality of the sentence and so cannot be waived. *Commonwealth v. Cooke,* 342 Pa.Super. 58, 492 A.2d 63 (1985).

tice post-conviction, pre-sentencing satisfies due process concerns.

It is only mandatory that the accused is informed, in the indictment, of the crime he is charged with, and any aggravating circumstances; and that he be informed, as required by due process, before receiving the enhanced sentence of the possibility of additional punishment; and that he be given the opportunity to be heard concerning the aggravated penalty.

*Commonwealth v. Lee,* 454 Pa. 526, 532–533, 312 A.2d 391, 394–395 (1973) (Eagen, J., concurring) (citations omitted). The information in the instant case charges that "the said actor did point a Ruger handgun at one Daniel Musgrove, an attendant at Rosey's Mobil Station and did remove the sum of One Hundred Eighty Seven Dollars ($187.00) from the said victim." On the facts of this case, we conclude that appellant received adequate notice of the applicability of the act.[2]

 Our Supreme Court has considered and rejected appellant's next argument, that use of a preponderance of the evidence standard of proof to determine applicability of the act violates due process. *Commonwealth v. Wright,* 508 Pa. ——, 494 A.2d 354 (1985). Too, appellant's contention that the act improperly denies him the right to have a jury make the relevant factual determinations must fail. The Court in *Wright* explicitly approved the legislative definition: "Provisions of this section (Sec. 9712) shall not be an element of the crime...." *Id,* 508 Pa. at —— - ——, 494 A.2d at 357. The right to a trial by jury does not attach where: "The determination to be made will at most have bearing on the duration of the confinement, a question which has traditionally been committed to the discretion of the sentencing court." *Id.,* 508 Pa. at ——, 494 A.2d at 362.

**2.** Because the question is not before us, we decline to speculate whether the due process requirement would be met in an instance where the indictment or information fails to allege visible possession of a firearm during commission of the offense.

■ Appellant's argument that the Act, by vesting unbridled discretion in the prosecutor to determine when the mandatory sentencing provisions will apply, violates both due process and the separation of powers doctrine misapprehends the nature of the Act. It is true that the language of Sec. 9712(b) would at first blush seem to empower the prosecutor to decide when and to whom the statute applies. The obligatory language of Sec. 9712, however, makes clear that the mandatory minimum sentence shall be imposed in all cases in which the sentencing court has determined that the conditions of Sec. 9712 are met. The requirement that the Commonwealth give notice of its intention to proceed under Sec. 9712 serves to ensure that the due process concerns are met.[3] *See supra; see also* 1 Pa.C.S. Sec. 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions.")

■ Finally appellant contends that the Act violates Article V, Section 10(c) of the Pennsylvania Constitution and the separation of powers doctrine. The gravamen of appellant's argument is that the Act unconstitutionally dictates the burden of proof at the sentencing hearing and the manner in which evidence must be considered. Article II, Section 1 of the Pennsylvania Constitution "vests the legislative power of the Commonwealth in the general assembly." "The legislature has the exclusive power to determine the Commonwealth, and it alone can prescribe the punishments to be meted out for crime." *Commonwealth ex rel. Green v. Court of Oyer and Terminer and Quarter Sessions,* 176 Pa.Super. 103, 106, 106 A.2d 896, 898 (1954). Ancillary to this power, the legislature may properly set the parameters of a court's discretion in imposing sentence. *Id.; see Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 28 A.2d 897 (1942); *Commonwealth v. Stone,* 229 Pa.Super. 24, 323 A.2d 184 (1974); *see also Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Albernez v.*

---

**3.** The distinction is not illusory. If Commonwealth believes that it cannot establish by a preponderance of the evidence the elements of Sec. 9712, notice need not be given.

*United States,* 450 U.S. 333, 342, 344, 101 S.Ct. 1137, 1143, 1145, 67 L.Ed.2d 275 (1981) quoting *Whalen v. United States,* 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980); *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Article V, Section 10(c) goes to the Supreme Court's rule-making authority. We find no conflict here.

Judgment of sentence affirmed.

## APPENDIX

### IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

### CRIMINAL DIVISION

### COMMONWEALTH OF PENNSYLVANIA

vs.

### DANIEL ANDERSON, Defendant.

### No. 11 C 1983

### OPINION

The Defendant, Daniel Anderson, was found guilty of the charges of Robbery, Felony I and Criminal Conspiracy after a jury trial.

The defendant was one of two individuals involved in the robbery of Rosey's Mobil Gas Station located in the City of Greensburg, Pennsylvania. The robbery was perpetrated by use of a handgun.

The Greensburg Police upon arriving at the scene followed two sets of tracks in the fresh snow to 1340 Poplar Street. The officers spoke with the residents, Mrs. Joanne Anderson and her son, the defendant, Daniel Anderson. A search was conducted of the residence at which time the officers confiscated certain clothing used in the robbery, a .44 magnum revolver, and One-Hundred Eighty-seven ($187.00) Dollars in cash. The defendant made oral and

414

written statements both at his residence and at the police station implicating himself in the robbery.

Defendant's Motion for a New Trial and/or In Arrest of Judgment presents three (3) issues for consideration by this Court:

1. Whether the prosecutor's opening statement prejudiced the jury, thereby necessitating a new trial.

2. Whether the evidence was sufficient to convict the defendant of the offenses charged beyond a reasonable doubt.

3. Whether the defendant was deprived of due process by the district attorney's withdrawal of a plea offer in this case.

It has long been held that the language of a prosecuting officer in an opening statement which will justify a reversal must be such that its unavoidable effect is to so prejudice the jury against the accused, as to prevent a finding of a true verdict. *Commonwealth v. Hoffman*, 439 Pa. 348, 266 A.2d 726 (1970) and *Commonwealth v. Martin*, 461 Pa. 289, 336 A.2d 290 (1975). The language used by the prosecutor in this case was not such that its unavoidable effect was to prejudice the jury against the accused. The comment objected to by the defendant provides, in pertinent part, as follows:

> Now each of you has been selected to serve as a juror on a criminal case. For many of you, or perhaps even for all of you, this is a first time experience. A criminal case is rather unusual. A criminal case is not a fight or an argument between two individual people; rather, a criminal case is a case in which the Commonwealth, specifically the citizens of Westmoreland County, have charged a member of society with violating a specific law.

> You will hear reference in any criminal case to a victim, but in any criminal case the true victim is society, the Commonwealth—(T.T. p. 33).

The opening statement viewed in its totality, contained evidence the Commonwealth in good faith expected to devel-

op and did not merely make assertions intended to inflame the passions of the jury.

In addressing the sufficiency of the evidence, this Court must accept as true all the evidence upon which the finder of fact could properly have reached its verdict in favor of the Commonwealth. It is necessary to give the Commonwealth the benefit of all reasonable inferences arising from that evidence. *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976); *Commonwealth v. Carbonetto*, 455 Pa. 93, 314 A.2d 304 (1974); *Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973); *Commonwealth v. Burton*, 450 Pa. 532, 301 A.2d 599 (1973).

The defendant took the stand and admitted that he had entered into an agreement with Joseph Saflin to rob the gas station. He admitted that he did go to the gas station, that he used a .44 magnum revolver and pointed the revolver at Danny Musgrove in order to receive money from him. Clearly, under Pennsylvania law, the defendant's conduct is enough to establish the offenses charged. It is not necessary that any additional oral threats be made by the defendant, nor is it necessary that the victims make statements regarding the fear that they may or may not have been under at the time of the robbery. *Commonwealth v. Hurd*, 268 Pa.Super. 24, 407 A.2d 418 (1979); *Commonwealth v. Mays*, 248 Pa.Super. 318, 375 A.2d 116 (1977).

The defendant's final assertion is that he was deprived of his due process right by the withdrawal of a plea offer in this case. According to the defendant, a plea bargain had been reached to amend the information to change the robbery offense section from Section 3701(a)(1)(ii) to Section 3701(a)(1)(iv).

The Commonwealth asserts that a plea bargain was never reached and at all times the case remained on the Criminal Trial List. The Defendant has the burden of establishing on the record of this proceeding that there was a plea bargain agreement. The record is silent as to any plea bargain agreement. At no time prior to trial did the

416

defendant raise the issue or seek a hearing demanding any specific performance of a plea bargain agreement. Defendant has failed to establish a plea bargain agreement, and further, to timely raise this issue prior to trial.

For the above-mentioned reasons, the Court enters the following Order:

Dated: September 7, 1984.