501 A.2d 258

**COMMONWEALTH of Pennsylvania**

v.

**Richard WILDERMUTH, Appellant.**

Superior Court of Pennsylvania.

Argued June 20, 1985.

Filed Nov. 22, 1985.

Michael Mustokoff, Philadelphia, for appellant.

Christopher J. Serpico, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTEMURO, POPOVICH and WATKINS, JJ.

MONTEMURO, Judge:

Appellant, Richard Wildermuth, herein appeals from the judgment of sentence of the Court of Common Pleas of Bucks County. On November 15, 1984, appellant pled guilty to charges of rape, statutory rape, involuntary deviate sexual intercourse, indecent assault and exposure, and corrupting a minor, age 6, and to charges of statutory rape, indecent assault, and corrupting a minor, age 12. Applying the mandatory sentencing provisions of 42 Pa.C.S. § 9718 (relating to offenses against infant persons), the court below thereafter sentenced appellant to two concurrent terms of five to ten years imprisonment. This appeal followed the denial of appellant's motion for modification of sentence.

Appellant herein raises a plethora of constitutional challenges to the provisions of section 9718,[1] and to their

---

1. § 9718. Sentences for offenses against infant persons

(a) **Mandatory sentence.**—A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:

application to the instant circumstances, which we will address *seriatim*.

Initially, we note that our analysis has been guided by the precepts reiterated in *Commonwealth v. Bannister*, 345 Pa.Super. 178, 182, 497 A.2d 1362, 1364 (1985):

> Our analysis of the constitutional challenge to this legislation must begin with a strong presumption of constitutionality. *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983); *Commonwealth v. Cooke*, 342 Pa.Super. 58, 492 A.2d 63 (1985). We will not strike down a statute unless its violation of the Constitution is so clear, palpable and plain as to preclude doubt or hesitation as to its validity. *Snider v. Thornburgh*, 496 Pa. 159, 436 A.2d 593 (1981); *Tosto v. Pennsylvania Nursing Home Loan Agency*, 460 Pa. 1, 331 A.2d 198 (1975); *See also Commonwealth v. Bryant*, 239 Pa.Super. 43, 361 A.2d 350 (1976).

■ Appellant first argues that section 9718 violates his right to equal protection in that the legislature failed to limit section 9718's applicability to offenders under 60 years of age. Directing our attention to the mandatory sentencing provisions of 42 Pa.C.S. § 9717 (relating to offenses against elderly persons), appellant, approximately 80–81 years of age during the period within which the instant offenses occurred, observes that, had his offenses been against persons older than 60, he would not be subject to mandatory sentencing due to the fact that section 9717's applicability is limited to those offenders under 60 years of age. Appellant therefore specifically contends that the unequal treatment of offenders over 60 years of age based ·

18 Pa.C.S. § 2702(a)(1) and (4) (relating to aggravated assault)—not less than two years.

18 Pa.C.S. § 3121 (relating to rape)—not less than five years.

18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)—not less than five years.

**(b) Eligibility for parole.**—Parole shall not be granted until the minimum term of imprisonment has been served.

upon the ages of their victims can not pass constitutional muster. We disagree.

Appellant, in his brief, relies upon the standard of review for equal protection challenges set forth in *Moyer v. Phillips* 462 Pa. 395, 341 A.2d 441 (1975). In *Moyer*, our supreme court noted that it is not impermissible for a state to statutorily "treat different classes of persons in different ways"; however, "[t]he classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike." *Id.*, 462 Pa. at 401, 341 A.2d at 443.[2]

Despite appellant's assertion that the "age cap" included in section 9717 was designed to protect older offenders from mandatory imprisonment, we decline to so interpret the legislature's intent. We view the apparent legislative intent as being to protect older citizens rendered vulnerable as a result of their advanced age to certain crimes perpetrated by more youthful offenders. In its effort to effectuate this legitimate intent, the legislature reasonably classified the group of offenders to which section 9717 would be applied on the basis of their age or relative youthfulness.

In light of the foregoing analysis, it is clear why in fact section 9718 does not include a similar "age cap". In imposing mandatory sentences upon those who commit any of the enumerated offenses against infant persons, the legislature was similarly concerned with the vulnerability of individuals under 16 years of age. Appellant herein is no less a threat to a child than a 25 year old person if either is predisposed toward committing one of the offenses provided for in section 9718. While section 9718 does indeed omit language rendering it's provisions expressly applicable to

---

**2.** We note that, although neither appellant nor the Commonwealth makes any further contentions regarding our standard of review, we are of the opinion that a statute which classifies convicted offenders, for the purpose of mandatory sentencing, on the basis of the relative ages of their victims does not involve a "suspect class" or a "fundamental right" warranting the utilization of a more strict standard of judicial review.

only those offenders *over* 16 years of age, we view such a limitation as being implicit, and unnecessary, in that section 9718 could not be applied to an adjudication of delinquency in juvenile court. Furthermore, we note, of course, that the absence or presence of such an express limitation does not impact on the circumstances before us.

Accordingly, we find the instant claim to be meritless.

Appellant's next contention is that section 9718 violates his right to equal treatment in that, unlike 42 Pa.C.S. § 9712 (relating to offenses committed with firearms), under section 9718 no mitigating circumstances may be considered. Specifically, appellant alleges that in electing whether to invoke section 9712, "the District Attorney may consider the age of the defendant, the nature of the offense and the effect of incarceration on the defendant to determine the appropriateness of mandatory sentencing." Appellant's brief at 12. However, quite to the contrary, in a recent opinion, this court held that indeed the Commonwealth is utterly without discretion in electing whether or not to apply section 9712. *See Commonwealth v. Anderson,* 345 Pa.Super. 407, 498 A.2d 887 (1985). Since we are unable to discern any other basis for appellant's claim of unequal treatment in this regard, we find the claim to be meritless.

■ Appellant next argues, in a somewhat vague fashion, that the "arbitrariness" of section 9718 is demonstrated by section 9718's alleged failure to provide for a right of appeal by the Commonwealth. We decline to reach the merits of this claim in that we find that appellant has no standing to present it.

The question of the constitutionality of a statute cannot generally be determined abstractly but rather is to be determined only as it applies and is sought to be enforced in a particular case before the court.... [A]nd, furthermore, one who is unharmed by a particular feature of a statute will not be heard to complain of its alleged unconstitutionality.

*Commonwealth v. Bonadio,* 490 Pa. 91, 94 n. 2, 415 A.2d 47, 49 n. 2 (1980); *see also, Bannister, supra,* 345 Pa.Super. at 183, 497 A.2d at 1365.

Appellant further posits, "The statute provides for other possibilities of arbitrary and unequal treatment of offenders." In support of this proposition, appellant offers two hypothetical situations and reasserts the claim which we initially addressed and disposed of herein. Regarding appellant's latter reasserted claim, we see no need for repetition. As to the two scenarios fabricated by appellant, neither is relevant to the circumstances presented herein nor does either overbear our necessarily strong presumption of section 9718's constitutionality.

A substantial portion of appellant's brief is devoted to the general contention that the application of section 9718 to the case *sub judice* violates the constitutional prohibitions against cruel and unusual punishments. In so far as appellant's arguments generally maintain that mandatory sentences impermissibly preclude individualized sentencing, we are of the opinion that *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985), and its recent progeny, have, at least implicitly, laid those arguments to rest. *See also Commonwealth v. Hernandez,* 339 Pa.Super. 32, 488 A.2d 293 (1985).

Additionally, we note that the court below, in its opinion filed on February 14, 1985, cogently observed:

Insofar as 42 Pa.C.S.A. § 9718 is concerned, we do not conclude that the imposition of a mandatory five year minimum prison term is cruel or unusual. The crimes in question here, rape and involuntary deviate sexual intercourse, committed against a minor, are crimes of great severity and the legislature in enacting this statute expressed its grave concern for the protection of minors. Specifically, this act is designed to punish those criminals who prey on the helpless children in our society. Clearly, the nature and severity of the crimes justify the legislature's rationally based minimum sentence.

In the analysis of the sentence's effect on individual dignity, we also find no constitutional infirmity. As the U.S. Supreme Court stated in *Rhoads [Rhodes] v. Chapman*, 452 U.S. 337, 348, 101 Superior [sic] Ct. 2392 [2400], 69 L.Ed.2d 59 (1981), "to the extent that such conditions of confinement are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Defendant's assertion that Pennsylvania has "no prison facility specially [sic] to meet the needs of the aged and infirm," does not prove that incarceration per se would be cruel and unusual punishment. Certainly, if the defendant required medical treatment it would be available to him, but to conclude that any prison term violates the 8th Amendment is without foundation. We also do not believe that the legislature had any obligation to consider a defendant such as Mr. Wildermuth is establishing a mandatory minimum sentence.

Lower court opinion at 4–5.

Appellant next alleges that section 9718 is constitutionally infirm in that it denied appellant his right to due process. Contrasting the language of section 9712, appellant argues that section 9718 unconstitutionally fails to (1) provide for the giving of notice of its applicability, (2) indicate during which procedural state its applicability should be established, and (3) designate the standard of proof necessary to determine its applicability. Appellant further asserts that section 9718 is unconstitutionally vague in failing to set forth at what point in time a victim's age is operative for the purpose of invoking the statute's provisions.

In addressing these claims, we rely again upon the well-reasoned opinion of the court below:

The challenge relative to § 9712 (offenses committed with firearms) pertains to the due process requirements of notice and an opportunity to be heard. Defendant asserts that the statute is inadequate in that the legislature did not specifically state when applicability of the act will be

determined and what burden of proof is required to trigger imposition of the mandatory sentence.

At the outset we note that § 9712 and § 9718 are facially distinguishable in that § 9712 requires proof of an additional element beyond conviction of the crime; namely, that the person 'visibly possessed a firearm during the commission of the offense' § 9712(a). The provision for applicability of § 9712 and the burden of proof under (b) specifically deal with this additional element. Application of § 9718 on the contrary is automatic where the defendant is convicted of one of the enumerated crimes against a minor; there is no additional factual element to be proved. Defendant argues that age is a factor to be proved and that the statute is unconstitutionally vague in this requirement. We find no such inadequacy in the statute. The act provides for the mandatory sentence when 'a person [is] convicted of the following offenses when the victim is under 16 years of age.' A logical reading of such language indicates that the victim must be under 16 years of age at the time of commission of the offense. Any alleged errors in the victim's minority status are inappropriately made herein since defendant pled guilty and it was acknowledged that the victims were aged 6 and 12.

Lastly, the defendant asserts that his due process rights were violated in that he did not receive adequate notice of the mandatory penalty to be imposed. We determine this contention to be without merit. Defendant was advised at the time he entered his guilty plea that the mandatory sentence in accordance with § 9718 would be imposed, and did not subsequently request that the plea be withdrawn. There is no merit in the argument that a person of reasonable intelligence would not know such conduct is prohibited by law. Lack of knowledge concerning possible sentence to be imposed does not constitute a lack of notice violative of due process.

Lower court opinion at 7–8 (footnote omitted). We see no need for further comment regarding these claims.

██ Appellant's final argument is that section 9718 represents an impermissible interference by the legislature with the sentencing powers of the trial courts. In *Commonwealth v. Cooke*, 342 Pa.Super. 58, 492 A.2d 63 (1985), we were confronted with the identical contention challenging section 9712's constitutionality. We concluded therein that "the creation of mandatory minimum sentences which remove judicial sentencing discretion in non-capital cases is not a constitutional violation." *Id.*, 342 Pa.Superior Ct. at 70, 492 A.2d at 70. *See also Wright, supra.* Because we are of the opinion that *Cooke* forecloses appellant's instant claim, we consider it meritless.

Based on the foregoing, we affirm the judgment of sentence.

Judgment of sentence affirmed.