517 A.2d 1342

COMMONWEALTH of Pennsylvania

v.

Michael LEONHART, Appellant.

Superior Court of Pennsylvania.

Argued June 26, 1986.

Filed Nov. 17, 1986.

Jeffrey J. Jewell, Erie, for appellant.

Douglas Wright, Assistant District Attorney, Erie, for Com., appellee.

Before BROSKY, DEL SOLE and MONTGOMERY, JJ.

BROSKY, Judge:

This is an appeal from the judgment of sentence imposed after a plea of guilty and subsequent to the denial of appellant's Motions for leave to withdraw his guilty plea and for modification and reconsideration of sentence.

Appellant presents the following issue for our review: whether the trial court erred in denying appellant's motion for leave to withdraw his guilty plea because it was not made knowingly or voluntarily. Because we conclude that appellant's claim has merit, we reverse.

Appellant was charged with one count of involuntary deviate sexual intercourse on a person less than sixteen years of age and one count of corruption of minors. On May 14, 1985, he entered pleas of guilty to both charges.

Appellant was then sentenced on July 29, 1985, to pay the cost of prosecution and to a minimum period of five years' and a maximum period of ten years' incarceration on the charge of involuntary deviate sexual intercourse under the mandatory sentencing provision of 42 Pa.C.S.A. § 9718(a).[1] On the corruption of minors charge, appellant was ordered to pay the cost of prosecution and to undergo a period of probation consecutive to the sentence imposed on the involuntary deviate sexual intercourse count.

Subsequently, appellant filed timely motions for leave to withdraw the guilty plea and for modification and reconsideration of sentence. The trial court then vacated the judgment of sentence pending review of appellant's motions. On November 13, 1985, the trial court denied both motions. Following this denial of relief, appellant was then resentenced on November 26, 1985, to the same terms and conditions which were imposed upon him at the original sentencing of July 29, 1985.[2]

The thrust of appellant's argument is whether 42 Pa.C. S.A. § 9718 requires notice to appellant, prior to sentencing, of its applicability, and, whether, as a result of failing to receive such notice, appellant's plea was involuntary and not knowingly tendered. We conclude that § 9718 requires that such notice be given prior to sentencing. Consequently, we hold that the trial court erred in not allowing appellant to withdraw his plea on that basis.

 ■  It is a well-settled rule in this Commonwealth that withdrawal of a guilty plea after sentencing will only be permitted upon a showing of prejudice on the order of

---

**1.** 42 Pa.C.S.A. § 9718 provides in relevant part:
§ 9718. Sentences for offenses against infant persons
   (a) Mandatory sentence—A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:

   .     .     .     .     .

18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)—not less than five years.

   .     .     .     .     .

**2.** It is from this judgment of resentencing that this appeal is filed.

manifest injustice. *Commonwealth v. Schultz*, 505 Pa. 188, 477 A.2d 1328 (1984); *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982); *Commonwealth v. Best*, 332 Pa.Super. 177, 480 A.2d 1245 (1984). This more substantial burden is justified because of the recognition that post-sentencing plea withdrawal may be used as a sentence-testing device. *Commonwealth v. Shaffer, supra, Commonwealth v. Broadwater*, 330 Pa.Super. 234, 479 A.2d 526 (1984).

The *Shaffer* Court delineated standards for determining when a plea rises to the level of manifest injustice: When it is entered into involuntarily, without understanding the nature of the charges, without knowledge of the factual basis of the charges, because of threats or coercion, because the prosecutor did not recommend a plea-bargained sentence or because the bargained-for sentence was not imposed or because an accused proclaims his innocence.

When a defendant enters a plea knowingly and voluntarily, it is assumed that he has weighed the alternatives of going to trial versus entering a plea. This includes consideration of the evidence which he knows or has reason to believe the prosecution has available and whether, based upon his assessment of that evidence relative to the elements of the crime(s) charged, the Commonwealth is able to meet its burden of proof at trial. *Commonwealth v. Shaffer, supra.*

In this Commonwealth, the test of the "totality of the circumstances" has been adopted as a measuring stick to determine whether a defendant has made a showing of manifest injustice to allow post-sentence withdrawal. This test looks beyond the technical rote recitations made to a defendant at the plea colloquy to a critical evaluation of the evidence presented against him which substantiates the elements of the crime(s) charged, as well as his own testimony concerning the criminal episode. *Commonwealth v. Schultz, supra; Commonwealth v. Shaffer, supra; Commonwealth v. Muller*, 334 Pa.Super. 228, 482 A.2d 1307 (1984).

■ In our research, we did not find any authority for the proposition that 42 Pa.C.S.A. § 9718 requires that notice of its penalty provisions be given to appellant prior to sentencing upon a plea of guilty.[3] However, we note that three other sections in the mandatory sentencing scheme [4] provide in their respective provisions for the same mandatory minimum sentence—i.e., five years' total confinement.[5] Moreover, we make the additional observation that the crime of involuntary deviate sexual intercourse is included in the list of crimes in each of the three sections previously alluded to as calling for the identical minimum mandatory penalty.

Statutes in a scheme covering the same subject matter should be construed, whenever possible, as one harmonious component of the entire statutory structure. In determining intent we look to similar legislation and the object to be attained. *Royal Indem. Co. v. Adams*, 309 Pa.Super. 233, 455 A.2d 135 (1983). *See* § 1932 of the Statutory Construction Act, 1 Pa.C.S.A. § 1932.[6] Our initial step must be to effectuate the intent of the General Assembly, *Fireman's Fund Ins. Co. v. Nationwide Mut. Ins. Co.*, 317 Pa.Super. 497, 464 A.2d 431 (1983), noting, of course, that the legislature is presumed not to have intended an absurd result. *Lehigh Valley Coop. Farmers v. Commonwealth, Bur. of*

3. We recently upheld the constitutionality of § 9718 on equal protection grounds. *Commonwealth v. Wildermuth*, 347 Pa.Super. 640, 501 A.2d 258 (1985). However, appellant's instant contention was not at issue there.

4. 42 Pa.C.S.A. § 9712. Sentences for offenses committed with firearms; 42 Pa.C.S.A. § 9713. Sentences for offenses committed on public transportation; and 42 Pa.C.S.A. § 9714. Sentences for second and subsequent offenses.

5. We also note that 42 Pa.C.S.A. § 9712 has recently withstood constitutional muster as being non-violative of due process. *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), *aff'd sub nom., McMillan v. Pennsylvania*, —— U.S. ——, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). Additionally, we recently held that creation of minimum mandatory sentences in non-capital cases is constitutionally permissible. *Commonwealth v. Cooke*, 342 Pa.Super. 58, 492 A.2d 63 (1985).

6. 1 Pa.C.S.A. § 1932 provides in relevant part:
Statutes in pari materia.
(a) Statutes ... are in pari materia when they relate to the same persons or things or to the same class of persons or things.

*Employment Security, Dept. of Labor and Industry,* 498 Pa. 521, 447 A.2d 948 (1982); *Zimmerman v. O'Bannon,* 497 Pa. 551, 442 A.2d 674 (1982); *Fireman's Fund, supra. See* §§ 1921 and 1922 of the Statutory Construction Act, 1 Pa.C.S.A. §§ 1921, 1922.[7] Moreover, we must look to the practical results of any interpretation. *Lehigh Valley Coop. Farmers, supra.*

We find that the language in Justice Larsen's concurring opinion in *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985), while addressing the use of firearms in violent crimes, echoes the legislative purpose of mandatory minimum sentencing statutes, generally.

> The Commonwealth has a legitimate interest in protecting its citizens from dangerous criminals who use firearms in the commission of violent crimes. A heavier burden of proof is not constitutionally required to impose a statutorily mandated minimum sentence.

*Id.,* 508 Pa. at 46, 494 A.2d at 365. (Larsen, J. concurring).

> Society can not tolerate the tyranny of armed felons. Recognizing this, the legislature wisely enacted legislation providing for a mandatory minimum five-year jail term for those who visibly use a firearm in the commission of the following serious felonies.... involuntary deviate sexual intercourse ...

*Id.,* 508 Pa. at 42, 494 A.2d at 363. (Larsen, J., concurring).

.    .    .    .    .

7.  1 Pa.C.S.A. § 1921 provides in pertinent part:
    Legislative intent controls.... (c) ... [T]he intention of the General Assembly may be ascertained by considering, among other matters: (1) the occasion and necessity for the statute. (2) The circumstances under which it was enacted. (3) The mischief to be remedied. (4) The object to be attained....
    1 Pa.C.S.A. § 1922 provides in pertinent part:
    § 122. Presumptions in ascertaining legislative intent. In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used: (1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable ... (3) that the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth.... (5) That the General Assembly intends to favor the public interest as against any private interest.

It is intended, and it is reasonable to believe, that application of the Mandatory Sentencing Act will deter the dangerous and intimidating use of firearms by felons in the perpetration of crimes. A lengthened incarceration for felons who make visible use of firearms in the execution of their criminal deeds tends to have the effect of maintaining in the citizenry, much needed confidence in our criminal justice system.

*Id.*, 508 Pa. at 43, 494 A.2d at 363. (Larsen, J., concurring). The Commonwealth's countervailing interest in the imposition of a mandatory five (5) year sentence, on the other hand, is unquestionably important. The Commonwealth seeks to protect the public from armed criminals and to deter violent crime and the illegal use of firearms generally, as well as to vindicate its interest in punishing those who commit serious crimes with guns. This societal interest is at least as compelling as the defendant's interest in lenient punishment.

*Id.*, 508 Pa. at 41, 494 A.2d 362 (Majority Op.).

In upholding the constitutionality of § 9718, this court had occasion to comment on the legislative purpose of that section. *Commonwealth v. Wildermuth*, 347 Pa.Super. 640, 501 A.2d 258 (1985). There we said:

In imposing mandatory sentences upon those who commit any of the enumerated offenses against infant persons, the legislature was similarly concerned with the vulnerability of individuals under 16 years of age.

347 Pa.Superior Ct. at 643, 501 A.2d at 260.

Appellant complains that his plea of guilty was not knowingly and voluntarily entered because of the lack of notice, prior to sentencing, that the Commonwealth would proceed under § 9718, the mandated minimum penalty provision for the type of crime against a minor to which appellant pleaded guilty.

The record of the guilty plea colloquy is barren of any reference to or notice of the applicability of a mandatory minimum penalty, generally, or to the intention of proceeding, at sentencing, under § 9718. Likewise, the sentenc-

ing [8] transcript reveals that the prosecutor only introduced the applicability of § 9718 near the end of the proceedings, taking appellant, his counsel [9] and the trial court by surprise. Even appellant's pre-sentence report is devoid of any reference to the applicability of any mandatory minimum sentencing provision.

This lack of notice deprives appellant of the right to weigh the alternatives of going to trial versus entering a guilty plea, *Commonwealth v. Shaffer, supra,* because of the real possibility, apparent from the instant record, that he was misled or acted pursuant to inaccurate or incorrect information. *Commonwealth v. Broadwater, supra.* Furthermore, our Supreme Court cautioned that:

> "the sentencing process ... must satisfy the requirements of the Due Process clause. Even though the defendant has no substantive right to a particular sentence within the range authorized by statute ... [he] has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process."

*Commonwealth v. Wright,* supra, 508 Pa. at 36, 494 A.2d at 359.

The commission of one of the offenses listed in § 9718 upon a victim under the age of 16 years is an aggravating circumstance which, if the trial court determines is proved, becomes a sentencing factor triggering the operation of § 9718 and, necessarily, mandates pre-sentence due process notice. *See, Commonwealth v. Wright, supra; Commonwealth v. Anderson,* 345 Pa.Super. 407, 498 A.2d 887 (1985).

---

**8.** This is the original sentencing of July 29, 1985.

**9.** Arguably, appellant may, at some future date, petition for relief under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 *et seq.,* on the basis that his trial counsel was ineffective in not objecting to the sentencing proceeding and the action of the trial court there. *Commonwealth v. Karabin,* 292 Pa.Super. 374, 437 A.2d 431 (1981). We need not address this issue because it is not presently before us, nor do we speculate on appellant's chances of success on such a claim.

The trial court correctly noted at both sentencing proceedings that, while it was not prepared to sentence appellant to the mandated minimum penalty of five years' incarceration, notification of the applicability of § 9718 by the Commonwealth removed its discretion to impose any lesser penalty. *Commonwealth v. Wright, supra; Commonwealth v. Anderson, supra; Commonwealth v. Bannister,* 345 Pa.Super. 178, 497 A.2d 1362 (1985). We note, moreover, that the mandatory sentencing provisions supersede the Sentencing Guidelines. *Commonwealth v. Cooke,* 342 Pa.Super. 58, 492 A.2d 63 (1985).

Our court has held that Article II, § 1 of the Pennsylvania Constitution empowers the General Assembly to enact a legislative scheme designed to mete out particular punishments for particular crimes. In so doing, it may remove any discretion regarding the imposition of penalties without offending due process concerns. *Commonwealth v. Anderson, supra; Commonwealth v. Cooke, supra; Commonwealth v. Bannister, supra.* Nor does this legislative power unconstitutionally dictate the burden of proof at the sentencing hearing in contravention of the separation of powers doctrine contained in Article V, § 10 of the Pennsylvania Constitution by obliterating the trial court's discretion. *Commonwealth v. Anderson, supra; Commonwealth v. Bannister, supra.*

Along this line, we have also stated that the mandatory sentencing provisions do not vest unbridled discretion in the prosecution to determine to whom and when its provisions are applicable. *Commonwealth v. Anderson, supra.* As noted earlier, the mandatory provision is triggered when the trial court has determined at sentencing that its conditions have been met. Only then does it operate as a sentencing factor. *Id.* Accordingly, due process concerns require that the prosecutor give notice of its intention to proceed *prior to sentencing* under the relevant mandatory sentencing statute. If the prosecution believes that it is unable to establish by a preponderance the elements of the

applicable mandatory provision, it need not give notice. *See id.*

■ Having concluded that § 9718 requires notice of its applicability to appellant prior to sentencing,[10] we now turn to the "totality of the circumstances" in the instant record to determine whether the trial court's refusal to allow appellant's post-sentence withdrawal of his guilty plea rises to the level of manifest injustice. *Commonwealth v. Schultz, supra; Commonwealth v. Shaffer, supra; Commonwealth v. Muller, supra.*

Our examination of the plea colloquy reveals that the Commonwealth was able to substantiate the elements of the crimes charged after a critical evaluation of the evidence. *See id.* The record of that proceeding, however, is devoid of any reference by the Commonwealth to the applicability

---

**10.** Since the date of appellant's resentencing preceded this Court's decision in *Commonwealth v. Reagan,* 348 Pa.Super. 589, 502 A.2d 702 (1985), the trial court was denied the benefit of its instruction. There we decided, in upholding the constitutionality of the recidivist penalty provisions of the Drunk Driving Law, 75 Pa.C.S. § 3731(e)(1), that due process requires the Commonwealth to give notice prior to sentencing of its intention to proceed under the recidivist provisions. More specifically, we noted that when a defendant decides to plead guilty, he must be advised of the applicability of the recidivist statute prior to the entry of that plea. "There is no dispute that a plea entered without knowledge of not only the maximum penalty which could be imposed, but also the minimum penalty which must be imposed, would not be a valid plea." 348 Pa.Superior Ct. at 599, 502 A.2d at 707. Thus, were we to hold *Reagan* applicable to the instant case, we note that the Commonwealth would have had to apprise appellant of its intention to proceed under § 9718 even before appellant's plea had been entered of record at the plea proceeding.

Our decision in *Reagan* was based upon a comparison of similarities in both the recidivist provisions of 75 Pa.C.S. § 3731 and the notice provisions of the mandatory sentencing statutes, 42 Pa.C.S.A. §§ 9712 and 9714. Most notably, we observed that the recidivist statute and the mandatory sentencing provisions provide for minimum mandated sentences which do not alter the grade or nature of the offense charged or enlarge the maximum penalty which could be imposed if the mandatory provisions did not otherwise apply. Moreover, these statutes removed the trial court's discretion in imposing any lesser penalty.

of § 9718 or of its intention to proceed under that statute at sentencing.[11]

Based upon the totality of the circumstances, we hold that appellant's claim rises to the level of manifest injustice and, consequently, that the trial court's refusal to permit appellant to withdraw his plea of guilty after sentencing was error. We therefore reverse and vacate the judgment of sentence.

Judgment of sentence vacated and case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

DEL SOLE, J., files a concurring and dissenting opinion.

DEL SOLE, Judge, concurring and dissenting:

I join in the result of the Majority Opinion insofar as it holds that a defendant is entitled to notice of the applicability of 42 Pa.C.S.A. § 9718 prior to entering a guilty plea. However, I dissent from the portion of the Opinion in which it is held that the trial court's refusal to permit Appellant to withdraw his plea of guilty after sentencing amounted to manifest injustice.

The record shows that shortly after the trial court and the defendant were apprised of the applicability of § 9718, but before sentencing, a recess was taken. (S.T. 10–11). Appellant had the opportunity during the recess to consult with counsel concerning the desirability of withdrawing his guilty plea. Appellant instead returned after the break and was once again advised of the controlling provisions of § 9718. However, Appellant made no efforts to withdraw his guilty plea. (S.T. 14–15). Based upon the totality of the circumstances surrounding the sentencing hearing, I would find that Appellant had sufficient notice of § 9718 and

**11.** Of course, if it was the belief of the Commonwealth at the time of plea that it would be unable to meet the preponderance standard at sentencing, it would not be obligated to give any notice. *See Commonwealth v. Anderson, supra,* in the text. Since the Commonwealth did proceed under § 9718 at sentencing, albeit without prior notice, we assume that it anticipated that no problems of proof would arise at sentencing.

ample time in which to withdraw his plea before sentencing, and having not done that so he now cannot claim "manifest injustice".