J-S27019-25

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA GOLDBERG | : | |
| | : | |
| Appellant | : | No. 3076 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 28, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000701-2024

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED OCTOBER 20, 2025**

Joshua Goldberg appeals from the judgment of sentence imposed after

he pled guilty to disorderly conduct.[1]  He claims that the trial court abused its

discretion when it denied his post-sentence motion to withdraw his guilty plea.

Upon review, we affirm.

The trial court set forth the facts as follows:

On Monday, September 4, 2023, at approximately [9:52 a.m.],
[Officer Seamus Radtke of the Warrington Township Police
Department] responded to the Extra Space Storage facility, []
located at 994 Easton Road, Warrington Township, Bucks County,
Pennsylvania for the report of an unwanted male subject who was
breaking into units that were not his and removing items.  On
scene [Officer Radtke] was met by Kyle Remig[,] [] the store
manager at this location.  Remig stated that a male[,] [] known

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5503.

to him and [] positively identified as, Joshua Goldberg, opened a unit that was not his and began to remove miscellaneous items out of the unit such as, musical instruments, coffee tables, wooden chairs, and other furniture and placed them into a unit that he opened under his ex-wife's name, Stacey Goldberg.

Upon further investigation [Officer Radtke] observed Goldberg, via CCTV footage, arrive and enter the Extra Space Storage facility on September 3rd, 2023, at approximately [8:43 p.m.]. At this time Goldberg enter[ed] the facility by defeating a locked gate. Goldberg then walk[ed] upstairs to the second floor and open[ed] a locked unit that [did] not belong to him. Goldberg [] [removed] miscellaneous items from this unit and place[d] them into a 2015 Nissan SUV, with the Pennsylvania registration of KXV7101. After Goldberg place[d] the items into the vehicle, he [] [left] the storage facility at approximately [11:44 p.m.].

Goldberg [] return[ed] to the storage facility on September 4, 2023, at approximately [9:40 a.m.], in a silver Hyundai sedan with the Pennsylvania registration of LLK2490 and continue[d] to move items from unit 2076 into unit 1138. At this time Remig confront[ed] Goldberg and call[ed] 911.

Remig estimated the total value of the items that were inside of unit 2076 [taken by Goldberg] to be approximately $1,000[].

[Officer Radtke] observed damage to unit 2076 to be consistent with that of cutting instruments.

Remig stated that the estimated value of the [physical damage to the unit] was approximately $26[].

Trial Court Opinion, 1/8/25, at 2 n. 1 (quoting Affidavit of Probable Cause, filed 9/4/2023). Goldberg was arrested and charged with burglary, a first-degree felony, and receiving stolen property, a first-degree misdemeanor.

On April 26, 2024, Goldberg filed a motion to suppress evidence recovered from his vehicle when he was arrested. The trial court scheduled a suppression hearing on June 28, 2024.

At the suppression hearing, the Commonwealth offered to *nolle pros* the burglary charge and amend the receiving stolen property charge to disorderly conduct, a third-degree misdemeanor, in exchange for Goldberg's guilty plea. Additionally, the Commonwealth offered Goldberg a negotiated sentence of no further penalty and $26 in restitution. Goldberg accepted this offer and pled guilty. The trial court accepted the plea and sentenced Goldberg in accordance with the plea agreement.

A week later, on July 5, 2024, Goldberg filed a motion to withdraw his guilty plea. On August 1, 2024, the trial court held a hearing on the motion. Goldberg claimed that, when he went to court on June 28, 2024, he thought it was only for the suppression motion; he did not expect a plea deal and, therefore, he did not have sufficient time to consider the Commonwealth's offer. He also claimed he had video evidence which would show that the incident was fabricated and establish his innocence. The court took the motion under advisement, and ultimately, it was denied by operation of law.

Goldberg filed this timely appeal. No concise statement was ordered.

On appeal, Goldberg raises the following single issue:

1. Did the [trial] court err and abuse its discretion by denying [Goldberg's] motion to withdraw [his] guilty plea?

Goldberg's Brief at 5.

Goldberg challenges the validity of his guilty plea claiming that it was not knowing, voluntary, and intelligent. The principles governing a post-sentence motion to withdraw a guilty plea are summarized as follows:

- 3 -

[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny [the] post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Commonwealth v. Broaden*, 980 A.3d 124, 129 (Pa. Super. 2009) (citations and quotations omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017).

To be valid, a guilty plea must be voluntary, knowing, and intelligent. *Commonwealth v. Persinger*, 615 A.2d 1305 (Pa. 1992). A plea satisfies these requirements if the trial court, at a minimum, elicits the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590(A)(1) cmt.

A reviewing court evaluates the trial court's decision for an abuse of discretion. *See Hart*, 174 A.3d at 664 (applying abuse of discretion in post-sentencing context); *Commonwealth v. Muhammad*, 794 A.2d 378 (Pa. Super. 2002).

Specifically, on appeal, Goldberg argues that he did not have sufficient time to consider the Commonwealth's offer, which was made, unexpectedly, at the suppression hearing. He maintains he was fatigued, did not have an adequate opportunity to meaningfully consider the Commonwealth's offer, and did not fully grasp the long-term implications of his rushed decision. Consequently, according to Goldberg, the trial court abused its discretion in denying his motion to withdraw his guilty plea. Goldberg's Brief at 7-8, 10-11. We disagree.

Here, the plea hearing record shows that Goldberg executed a comprehensive, written guilty plea colloquy which he reviewed with his attorney. The trial court noted:

> During the guilty plea on June 28, 2024, [Goldberg] acknowledged that defense counsel "thoroughly" went "through each and every question inside of [D-1, the written guilty plea 10-page colloquy form]" and that he answered each question "truthfully" 'on the form.

Trial Court Opinion, 1/8/25, at 6-7 (citations omitted).

Additionally, the trial court and counsel conducted an oral colloquy on the record. During questioning, Goldberg indicated that he understood the

nature of the charge against him (disorderly conduct) and the facts that supported the charge. Goldberg also told the court that he understood he was giving up the right to a jury trial and that he was innocent until proven guilty. N.T., 6/28/24, at 5-6, 11. Notably, as the trial court observed:

> [Goldberg] specifically confirmed that he and his attorney had "a sufficient amount of time to discuss [his] decision" and "a sufficient amount of time to discuss all the evidence in this case." [Goldberg] answered that he understood "[he was] entering a plea of guilty to a misdemeanor of the third degree, disorderly conduct." [Goldberg] insisted he was "[v]ery much" satisfied with counsel. When asked by this court whether he was "forced or threatened . . . into entering into this plea," [Goldberg] adamantly answered, "No, not whatsoever, no." Confirmed by [Goldberg's] strong, affirmative language of satisfaction with his attorney and his positive decision to move forward with a guilty plea, this court found that [Goldberg's] "plea [was] knowingly, intelligently and voluntarily entered . . ." and accepted the plea and negotiated sentence. After this finding was made by the court, [Goldberg] replied, "Thank you, Your Honor."

Trial Court Opinion, 1/8/25, at 6-7 (citations omitted). The court further observed:

> there was no indication at the guilty plea hearing that [Goldberg] had a "fundamental misunderstanding" that he was actually getting ready to try a suppression motion instead of pleading guilty. And, none of [Goldberg's] alleged suppression motion expectations were brought to the court's attention at the time of his guilty plea.

*Id.* at 7-8. The court indicated that, had Goldberg raised any concerns, it would have stopped the proceedings and given him a break. N.T., 9/1/24, at 12.

A defendant is bound by the statements made during the plea colloquy and cannot challenge the plea for reasons that contradict the defendant's statements when it was entered. **Commonwealth v. Jabbie**, 200 A.3d 500, 506 (Pa. Super. 2018). Thus, Goldberg cannot contradict his testimony at the guilty plea hearing with statements now alleging that he felt rushed to enter his guilty plea, did not know what was transpiring at the time, or understand the consequences thereof.

Furthermore, Goldberg's reliance on **Commonwealth v. Leonhart**, 517 A.2d 1342 (Pa. Super. 1986), and **Broaden**, **supra**, does not afford him relief. Contrary to Goldberg's argument, these cases do not support his claim that he should be permitted to withdraw his plea because he did not have enough time to fully consider it.

In **Leonhart** and **Broaden**, the Commonwealth failed to inform the defendants, prior to entry of their guilty pleas, that it would be seeking the mandatory minimum sentence. The defendants sought to withdraw their guilty pleas maintaining their pleas were not knowing and voluntary, because they did not have notice of the Commonwealth's intent regarding sentencing. In both cases, the trial court denied the motion to withdraw their pleas.

On appeal, this Court in **Leonhart**, found that the guilty plea colloquy did not indicate that the Commonwealth would seek the mandatory minimum sentence. We noted that "**this lack of notice** deprived the defendant of his right to weigh the alternative of going to trial versus entering a guilty plea

. . . because of the real possibility, apparent from the instant record, that he was misled or acted pursuant to inaccurate or incorrect information." *Leonhart*, 517 A.2d at 1346 (citing *Commonwealth v. Shaffer*, 446 A.2d 591 (Pa. 1982)) (where the High Court considered the validity of a guilty plea challenged for *lack of notice of nature of charges* against the defendant) (emphasis added). Therefore, considering the totality of the circumstances, we concluded that the trial court erred in denying the defendant's request to withdraw his guilty plea. *Id.* at 1347.

In *Broaden*, this Court observed that there was *no notice* that the conditions for the *mandatory minimum sentence* were met only "a conditional statement regarding the potential applicability of mandatory sentencing provisions to [the defendant's sentence]" which was insufficient to fully inform Broaden prior to his guilty plea of its intention to invoke the mandatory minimum sentence. Therefore, we determined that the plea was deficient. *Broaden*, 980 A.2d at 128-129. Nevertheless, because the Commonwealth notified Broaden of its intention regarding sentencing more than 30 days before the sentencing hearing, we concluded that he had ample time to withdraw his guilty plea prior to sentencing, but did not, and, instead, proceeded with sentencing. *Id.* at 131. Consequently, we affirmed the trial court's denial of Broaden's post-sentence motion to withdraw his plea. *Id.*

The instant case is clearly distinguishable. First, it did not involve a mandatory minimum sentence, of which the Commonwealth is required by statute to give advance notice. Additionally, Goldberg indicated in the written

plea colloquy, prior to entering his plea, that he was aware of the potential sentence for his offense. And, unlike **Broaden** and **Leonhart**, Goldberg was offered a sentence of time served which he **accepted** as part of his plea. Thus, Goldberg was well aware of the Commonwealth's intent before the plea.

Furthermore, the decisions in **Broaden** and **Leonhart** as to whether the plea was knowing and voluntary did not focus on the amount of time the defendants had to consider their plea offer. Rather, the issue was whether the Commonwealth provided critical information to the defendants so they could make an informed decision about whether to plea or go to trial. Thus, contrary to Goldberg's argument, these cases do not stand for the general proposition that a defendant must have sufficient time to contemplate a plea offer to render it valid.

As discussed above, Goldberg's plea proceedings addressed all the required information to ensure that his plea would be knowing and voluntary. There is nothing in the record that suggests, nor does he claim, that he was misled or that certain information was withheld or inaccurate so as to deprive him of "notice" before he entered his plea.

In sum, our review of the certified record, including Goldberg's written colloquy and the transcript of his guilty plea, shows that Goldberg's plea was knowing, intelligent, and voluntary such that manifest injustice will not result if he is not permitted to withdraw his plea. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying Goldberg's motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/20/2025