610 A.2d 1058

**COMMONWEALTH of Pennsylvania**

v.

**Edward A. CHMIEL, Appellant.**

Superior Court of Pennsylvania.

Argued April 8, 1992.

Filed July 22, 1992.

Dennis A. Alessi, York, for appellant.

Laura A. Powloski, Deputy Prosecutor, York, for Com., appellee.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgment of sentence for involuntary deviate sexual intercourse, corruption of minors and possession of obscene or other sexual materials. Appellant, Edward A. Chmiel, presents the following claims:

1. Whether Pennsylvania Crimes Code § 9718, being a mandatory sentence, violates Appellant's rights and is therefore unconstitutional given the unique facts and circumstances of this case.

2. Whether the lower court abused its jurisdiction by disregarding the plea bargain arranged and submitted to it, given the facts and circumstances of the crime.

3. Whether as a result, the sentence is in violation of the Eighth Amendment of the constitution of the United States.

Appellant's brief at 1. For the following reasons, we affirm.

On May 9, 1991, appellant pleaded guilty on consolidated cases to involuntary deviate sexual intercourse (two counts),[1] corruption of minors[2] and possession of obscene and other sexual material and performances.[3] On July 22, 1991, appellant was sentenced to concurrent terms of five-to-ten years for involuntary deviate sexual intercourse, one-to-two years for corruption of minors and one-to-two years for possession of obscene and other sexual material and performances. The aggregate term was set at not-less-than-five-nor-more-than-ten years. Appellant then filed mo-

1. 18 Pa.C.S.A. § 3123.
2. 18 Pa.C.S.A. § 6301.
3. 18 Pa.C.S.A. § 5903.

tions to withdraw his guilty plea and to modify sentence, which were both denied. This timely appeal followed.

The charges in the instant appeal arose out of incidents that occurred beginning in the spring of 1986. The victims were brothers who were both under the age of sixteen when the offenses were committed. In the spring of 1986 appellant engaged in oral sex with one of the brothers. The following summer appellant became involved with the younger of the two brothers. Appellant admitted to showing him pornographic video tapes and engaging in oral sex with him.

Appellant first contends that § 9718 of the Pennsylvania Crimes Code, which requires a mandatory sentence, violates his rights and is therefore unconstitutional. Specifically, appellant argues that because of his age a mandatory minimum sentence constitutes cruel and unusual punishment. This claim is meritless.

As a general principle, this court must begin its analysis of the constitutionality of a statute with a strong presumption that the statute is constitutional. *Commonwealth v. Mikulan*, 504 Pa. 244, 247, 470 A.2d 1339, 1340 (1983); *Commonwealth v. Cooke*, 342 Pa.Super. 58, 69, 492 A.2d 63, 69 (1985). A statute will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. *Snider v. Thornburgh*, 496 Pa. 159, 166, 436 A.2d 593, 596 (1981).

42 Pa.C.S.A. § 9718 provides, in relevant part, that: A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a *mandatory* term of imprisonment as follows:

. . . . . . .

18 Pa.C.S.A. § 3123 (relating to involuntary deviate sexual intercourse)—not less than five years.

42 Pa.C.S.A. § 9718. The question of whether this section violates the constitutional prohibition against cruel and unusual punishment was discussed in *Commonwealth v. Wildermuth*, 347 Pa.Super. 640, 501 A.2d 258 (1985). In *Wil-*

*dermuth* the court rejected a claim by a man over 60 years of age that a mandatory minimum constituted cruel and unusual punishment in violation of the eighth amendment. This court, adopting the opinion of the trial court, wrote:

> Insofar as 42 Pa.C.S.A. § 9718 is concerned, we do not conclude that the imposition of a mandatory five year minimum prison term is cruel or unusual. The crimes in question here, rape and involuntary deviate sexual intercourse, committed against a minor, are crimes of great severity and the legislature in enacting this statute expressed its grave concern for the protection of minors. Specifically, this act is designed to punish those criminals who prey on the helpless children in our society. Clearly, the nature and severity of the crimes justify the legislature's rationally based minimum sentence.
>
> In the analysis of the sentences effect on individual dignity, we also find no constitutional infirmity. As the U.S. Supreme Court stated in *Rhoads [Rhoades] v. Chapman*, 452 U.S. 337, 348, 101 Superior [sic] Ct. 2392 [2400], 69 L.Ed.2d 59 (1981), "to the extent that such conditions of confinement are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Defendant's assertion that Pennsylvania has "no prison facility specially [sic] to meet the needs of the aged and infirm," does not prove that incarceration per se would be cruel and unusual punishment. Certainly, if the defendant required medical treatment it would be available to him, but to conclude that any prison term violates the 8th Amendment is without foundation. . . .

*Id.,* 347 Pa.Superior Ct. at 645–46, 501 A.2d at 261.

However, appellant argues that because he suffers from a certified medical illness his case is distinguishable from *Wildermuth.* This claim is without merit. As noted above, the appellant in *Wildermuth* was over 60 years of age and the court specifically rejected the argument that needs of the elderly or infirm had any relevance to a constitutional analysis of the mandatory minimum sentencing provision.

Consequently, we reject appellant's claim that the provision constitutes cruel and unusual punishment in violation of the 8th Amendment.

■ Appellant next contends that the lower court abused its discretion by disregarding the plea bargain arranged and submitted to the court. This claim is without merit.

At sentencing, the court engaged in an exhaustive review of the case's mitigating and aggravating factors, as well as the applicable law. The court then imposed the minimum sentence prescribed by law and, in accordance with the previous agreement between the Commonwealth and appellant, ran all sentences concurrently. Thus the trial court followed the plea agreement and did not abuse its discretion.

Lastly, appellant contends that 42 Pa.C.S.A. § 9718 (the mandatory minimum sentencing provision) is a violation of his rights to due process of law and equal protection. These claims are meritless.

■ Specifically, appellant contends that section 9718 violates the constitutional guarantee of due process of law because (1) the statute allows for no consideration of the rehabilitative needs of the defendant; and (2) the statute fails to require the prosecutor to give notice of the intent to proceed under the statute. We disagree.

In general, our courts have upheld the constitutionality of mandatory minimum sentencing provisions. Our Supreme Court rejected a due process challenge to the five year minimum sentence mandated by § 9712 [4] of the Judicial Code, specifically acknowledging that there is a legislative prerogative to determine the punishment for criminal conduct. *Commonwealth v. Wright*, 508 Pa. 25, 40, 494 A.2d 354, 361 (1985). The assessment in *Wright* of § 9712 applies with equal validity to § 9718. [5] Section 9718 merely

---

4. § 9712 provides for a mandatory minimum sentence for offenses committed with visible possession of a firearm.

5. "The effect of section 9712 is merely to limit the discretion of the sentencing court in the selection of a minimum sentence where it is

limits the discretion of the court in imposition of a minimum sentence where it is determined that the victim is under the age of 16. Consequently, appellant's claim that the fact that the statute allows for no discretion violates due process is without merit.

■ Appellant also argues that the District Attorney's failure to give appellant notice of his intention to proceed under § 9718 violates appellant's rights to due process.[6] Brief for appellant at 18. *Commonwealth v. Leonhart*, 358 Pa.Super. 494, 498, 517 A.2d 1342, 1344 (1986), *allocatur denied*, 515 Pa. 620, 531 A.2d 428 (1987), requires that notice of the applicability of § 9718 be given prior to sentencing. Appellant states in his brief that, *"In their belief that the statute was solely controlling,* the prosecutor and defense plea bargained an agreement whereby the prosecutor agreed to "stand aside" and not appeal should the court agree not to apply the mandatory sentence." Brief for appellant at 18 (emphasis added). Thus, it is clear that the prosecutor and the defense attorney discussed the existence of § 9718 and its application to the case. Accordingly, appellant's claim is meritless.

Appellant finally contends that § 9718 is violative of the equal protection guarantees of the United States Constitution. We disagree.

determined that the defendant visibly possessed a firearm during the commission of the crime. The maximum term of imprisonment remains unaffected. The defendant has no cognizable right to leniency." *Commonwealth v. Wright*, 508 Pa. 25, 40–41, 494 A.2d 354, 362 (1985).

6. We note that there is some inaccuracy in speaking of the District Attorney's intention to "proceed" under § 9718. Section 9718, in contrast to § 9712 (mandatory minimum for offenses committed with the visible possession of a firearm), requires no proof of an additional element at sentencing. The instant underlying offense of involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123, includes as an element that the victim was under the age of sixteen. Once the age of the victim is established as less than sixteen, the prosecutor has no role to play in the application of the mandatory minimum sentence prescribed by section 9718. Notably, appellant does not argue that he was unaware of the age of his victims.

■ The threshold question in analyzing a statute to determine whether it violates equal protection principles is whether the state has created a classification for the unequal distribution of benefits or imposition of burdens. *Commonwealth v. Parker White Metal Co.*, 512 Pa. 74, 84, 515 A.2d 1358, 1363 (1986). By mandating a five year minimum sentence for persons convicted of various enumerated sex offenses against a minor, § 9718 clearly limits the court's discretion in fashioning minimum sentences for particular classes of offenders. However, this in itself is not sufficient to make out a violation of the constitutional guarantee of equal protection under the law.

Our Supreme Court has said that it is not unconstitutional for the state "to treat different classes of persons in different ways," so long as the classification is "reasonable, not arbitrary," and "rest[s] upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons in similar circumstances shall be treated alike." *Moyer v. Phillips*, 462 Pa. 395, 400–01, 341 A.2d 441, 443 (1975).[7]

■ In rejecting an equal protection challenge to § 9718, the *Wildermuth* court found that "[i]n imposing mandatory sentences upon those who commit any of the enumerated offenses against infant persons, the legislature was concerned with the vulnerability of individuals under 16 years of age [just as it was concerned with protecting older citizens rendered vulnerable as a result of their advanced age to certain crimes perpetrated by more youthful offenders when they enacted § 9717 relating to offenses against elderly persons]." *Wildermuth*, 347 Pa.Super. at 643, 501 A.2d at 260. This legislative concern with the vulnerability of youth is sufficient under the "rational basis" standard

**7.** The *Wildermuth* court noted that it was of the opinion that a statute which classifies convicted offenders for the purposes of mandatory sentencing on the basis of the relative ages of the victims does not involve a "suspect class" or a "fundamental right" warranting the utilization of a standard of review more stringent than the rational basis standard enunciated in *Moyer*. *Commonwealth v. Wildermuth*, 347 Pa.Super. 640, 643 n. 2, 501 A.2d 258, 260 n. 2 (1985).

articulated in *Moyer v. Phillips, supra.* Accordingly, we find appellant's contention that section 9718 violates equal protection guarantees to be without merit. For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.