J-S02002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT CHARLES O'BRIEN | : | |
| | : | |
| Appellant | : | No. 381 EDA 2017 |

Appeal from the PCRA Order January 13, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003564-2014

BEFORE: BOWES, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 22, 2018**

Robert Charles O'Brien appeals from the January 13, 2017 order[1] that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On April 1, 2015, Appellant entered a negotiated guilty plea to two counts of possession of child pornography. Pursuant to the plea agreement, Appellant received two consecutive sentences of five to ten years imprisonment rather than the twenty-five-year mandatory minimum sentence that he faced based upon a prior conviction for possession of child pornography in 2012. **See** 42 Pa.C.S. § 9718.2(a)(1) (providing a

_____

[1] The order is dated January 11, 2017, but was not filed until January 13, 2017. We have amended the caption accordingly.

* Retired Senior Judge Assigned to the Superior Court.

mandatory sentence of twenty-five to fifty years imprisonment for offenders with a prior conviction of, inter alia, sexual abuse of children). The plea transcript reveals that counsel had filed motions challenging the constitutionality of the mandatory-minimum statute pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by the trier of fact), and its progeny prior to the plea. However, Appellant withdrew those motions based upon decisions that made it clear that prior convictions as mandatory-minimum triggers do not run afoul of **Alleyne**. N.T., 4/1/15, at 11-12. On April 1, 2015, Appellant was sentenced to an aggregate term of ten to twenty years imprisonment in accordance with the plea agreement.[2] **Id**. at 26-27.

Appellant did not file a direct appeal, but did file a timely, counseled PCRA petition on April 28, 2016. Therein, Appellant contended that his guilty plea was induced by plea counsel's ineffectiveness. Specifically, Appellant claimed that he accepted the Commonwealth's offer and pled guilty to avoid "what he believed to be an otherwise unavoidable sentence" of at least twenty-five years. PCRA Petition, 4/28/16, at 2. Appellant

---

[2] These new convictions constituted violations of his parole and probation in his prior case, resulting in additional sentences of back time with immediate parole, and two-and-one-half to seven years imprisonment, in that case. N.T., 4/1/15, at 32-33.

argued that plea counsel should have challenged the constitutionality of 42 Pa.C.S. § 9718.2(a)(1) as violating the Eight Amendment; Article I, Section 13 of the Pennsylvania Constitution; and due process.  PCRA Petition, 4/28/16, at 2-5.  Appellant asserted that he was entitled to relief "in the form of a new sentencing without regard to the mandatory sentence and giving full consideration to his individual circumstances." *Id*. at 5.

After the Commonwealth filed an answer, the PCRA court, pursuant to Pa.R.Crim.P. 907(1), issued notice of its intent to dismiss Appellant's petition without a hearing.  The PCRA court cited as its reason the fact that, as noted by the Commonwealth in its answer, this Court and our Supreme Court have rejected Appellant's arguments in cases with similar circumstances.  Notice of Intent, 11/10/16, at n.3 (citing *Commonwealth v. Baker*, 78 A.3d 1044, 1045 (Pa. 2013), and *Commonwealth v. Colon-Plaza*, 136 A.3d 521, 523 (Pa.Super. 2016)).  Appellant filed a timely response to the notice in the form of a memorandum of law supporting his claims and distinguishing his case from *Baker* and *Colon-Plaza*.  Response to Notice of Intent, 11/30/16, at 2-11.  Unpersuaded, the PCRA court denied Appellant's petition by order of January 13, 2011.

Appellant filed a timely notice of appeal.  The PCRA court did not order Appellant to file a statement of errors complained of on appeal, but it did author an opinion pursuant to Pa.R.A.P. 1925(a).  Appellant presents this Court with the following question: "Did trial counsel provide ineffective

assistance in failing to challenge the constitutionality of the mandatory sentence that Appellant was facing under 42 Pa.C.S. § 9718.2(a)(1)?" Appellant's brief at 3.

We begin our consideration of Appellant's question with a review of the applicable law.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the record supports the court's determination and whether the court's decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings.

*Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 677 (Pa.Super. 2017) (citations omitted).

"A criminal defendant has the right to effective counsel during a plea process as well as during a trial." *Commonwealth v. Kehr*, 180 A.3d 754, 760 (Pa.Super. 2018) (internal quotation marks omitted).

> To prevail on a claim of ineffectiveness of counsel, a defendant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness. It is defendant's burden to prove all three prongs of this standard. To sustain a claim of ineffectiveness, counsel's approach must be so unreasonable that no competent lawyer would have chosen it.

*Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa.Super. 2006) (internal quotation marks and citations omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Kehr*, *supra* at 760.

Furthermore, "with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial."[3] **Commonwealth v. Timchak**, 69 A.3d 765, 770 (Pa.Super. 2013).

With these principles in mind, we first consider whether there is arguable merit to the underlying claim that § 9718.2(a)(1) violates the Eighth Amendment. The PCRA court held that there is not, based upon the **Baker** and **Colon-Plaza** decisions. PCRA Court Opinion, 8/15/17, at 1.

In **Baker**, our Supreme Court "granted allowance of appeal to address whether Section 9718.2 of the Sentencing Code, mandating a 25–year minimum sentence of imprisonment for offenders who have been twice convicted of possessing child pornography, is grossly disproportionate to the crime and, therefore, unconstitutional." **Baker**, **supra** at 1047. The Court noted that the applicable test under the Eighth Amendment is the three-prong proportionality test enunciated in **Solem v. Helm**, 463 U.S. 277, 292 (1983). The test "examines: (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same

---

[3] For purposes of our review, we shall accept as true that the sole motivating factor in Appellant's decision to plead guilty is the threat of a twenty-five to fifty year sentence under § 9718.2(a)(1).

crime in other jurisdictions." ***Baker***, ***supra*** at 1047. "[A] reviewing court is not obligated to reach the second and third prongs of the test unless a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." ***Id***. (internal quotation marks omitted).

Applying the ***Solem*** test to Baker's twenty-five-to-fifty-year sentence imposed under § 9718.2(a)(1), the High Court concluded that there was no need to go beyond the first prong, as "a threshold comparison of the gravity of a second conviction of possessing and viewing child pornography against the imposition of a mandatory sentence of at least 25 years' imprisonment does not lead to an inference of gross disproportionality." ***Id***. at 1052. The Court acknowledged that it is "clearly a lengthy sentence," but held that it was not disproportionate to the crime. ***Id***. As the Court explained,

> It bears repeating here that [Baker] was sentenced under a recidivist sentencing scheme. The fact that [Baker] is a repeat offender certainly goes to the gravity of his instant offense. Equally importantly, we cannot view [Baker's] crimes as he suggests, in a manner that detaches them from the devastating victimization that child pornography produces. [Baker's] participation in the criminal subculture of viewing images of child sexual abuse for personal gratification is part and parcel of that victimization. [Baker's] crime is his continued participation as an enabler of sexual crimes against children via his status as a possessor of child pornography. Although [Baker] did not personally commit the underlying sexual abuse, he was certainly a willing voyeuristic participant in its commission after the fact, and it is his demand to possess images of child sexual abuse which permits and, to an extent, causes, the production of child pornography. It is unacceptably inaccurate to characterize or label [Baker's] crime as the simple possession of "dirty pictures" or the use of an outlaw product. His crime is more accurately

- 6 -

understood as secondary or indirect participation in the sexual abuse and exploitation of innocent children for personal gratification. That is a very serious and grave offense. It is certainly no less grave than receiving $120.75 by false pretenses or shoplifting three golf clubs, recidivist offenses for which lengthier sentences of imprisonment than that imposed here were upheld against Eighth Amendment challenges by the Supreme Court of the United States.

**Baker**, **supra** at 1051–52 (citations and footnote omitted).

In **Colon-Plaza**, the defendant also challenged the validity of § 9718.2(a)(1) under the Eighth Amendment. He contended that a twenty-five-year minimum sentence was grossly disproportionate (1) to the guideline range of nine to sixteen months that would have applied to him if it were his first offense, and (2) to the mandatory minimum term of ten years "applicable to what he calls the 'more serious' offense of a first-time forcible rape of a child under 13 years of age[.]" **Colon-Plaza**, **supra** at 530.

Examining the **Baker** decision and its application of the **Solem** three-prong test, this Court held that the comparisons the defendant was making were "inapposite to a first-prong, threshold assessment" of the test. Rather, those comparisons went to the second prong (examination of the sentences imposed on other criminals in the same jurisdiction), which is only reached if the first-prong analysis leads to an inference of gross disproportionality. This Court thus rejected the defendant's challenge because he offered no basis to distinguish the **Baker** Court's reasoning in holding that the twenty-five-year minimum mandated by § 9718.2(a)(1) for a recidivist consumer of

child pornography did not create an inference of gross disproportionality. ***Colon-Plaza***, ***supra*** at 532.

In the instant case, Appellant attempts to succeed where the defendant in ***Colon-Plaza*** failed by distinguishing the impact of a twenty-five-year sentence on him. He notes the circumstances of the defendant in ***Baker***, which were described by the Court as follows.

> [Baker was] thirty-three years of age on the date of sentencing, will be fifty-six years of age at the expiration of his minimum term of imprisonment, and eighty-one years of age at the expiration of his maximum sentence. This is an indeterminate sentence of years with the possibility of parole at some point following expiration of the mandatory minimum sentence. While clearly a lengthy sentence, presuming [Baker] will experience an average longevity, the sentence here is not tantamount to a life sentence without the possibility of parole which the High Court struck down in ***Solem***, ***supra***, as grossly disproportionate to the recidivist non-violent offense of passing a bad check in the amount of $100.

***Baker***, ***supra*** at 1052.

Appellant then contrasts his own circumstances, arguing that application of § 9718.2(a)(1) to him would have resulted in a *de facto* life sentence without possibility of parole. Appellant's brief at 8. Specifically, Appellant points to the fact that "at the time of sentencing, Appellant was 57 years old, had suffered a heart attack in 2010, a cardiac arrest in 2012, and entered prison with diverticulitis and a resultant abscess." ***Id***.

We are not persuaded. Our Supreme Court noted that "[a] searching review of Eighth Amendment proportionality decisions shows that, with respect to recidivist sentencing schemes, successful challenges are

- 8 -

extremely rare." **Baker**, **supra** at 1048. "Indeed, the **only** successful challenge was presented in **Solem**," where the Court overturned a "sentence of life imprisonment without the possibility of parole upon conviction of passing a bad check in the amount of $100[.]" **Id**. (emphasis added).

Appellant did not pass a bad $100 check. He repeatedly victimized young children. Despite his age and his medical conditions, Appellant was just as willing and able as healthy, thirty-something Baker to participate in the abuse of children. The consequences Appellant faced for his prior conviction were not enough to dissuade him from victimizing the two pre-teen girls who performed sex acts in the videos he possessed. Affidavit of Probable Cause, 5/5/14, at 2. Moreover, Appellant was unable to check recidivism even for the duration of his supervision for the prior offense. Rather, he went right back to abusing children.

Upon this record, we hold that Appellant has failed to raise an inference of gross disproportionality, and his Eighth Amendment challenge thus lacks arguable merit. **Commonwealth v. Green**, 593 A.2d 899, 900 (Pa.Super. 1991) (holding imposition of mandatory minimum sentence upon sixty-six-year-old man with rheumatoid arthritis, hypertension, chronic obstructive pulmonary disease, and a history of a myocardial infarction did not constitute cruel and unusual punishment despite arguments that it constituted "in effect a life sentence"). As such, counsel was not ineffective for failing to pursue it. **Commonwealth v. Spotz**, 896 A.2d 1191, 1210

(Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim.").

Appellant next argues that his plea counsel should have challenged the applicability of § 9718.2(a)(1) to him based upon the Pennsylvania Constitution, which provides in relevant part: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Pa. Const. Art. I § 13. Citing Chief Justice Castille's concurrence in **Baker**, Appellant contends that the use of "cruel punishments," as opposed to the federal Constitution's "cruel and unusual punishments," warrants a different analysis of his claim under Pennsylvania law. Appellant's brief at 14.

This Court repeatedly has held, both pre- and post-**Baker**, that the Pennsylvania Constitution provides no greater protection against cruel punishments than that offered by the Eighth Amendment. **See**, **e.g.**, **Commonwealth v. Bonner**, 135 A.3d 592, 597 n.18 (Pa. Super. 2016) ("The Pennsylvania prohibition against cruel and unusual punishment is coextensive with the Eighth and Fourteenth Amendment of the United States Constitution.") (quoting **Commonwealth v. Yasipour**, 957 A.2d 734, 743 (Pa.Super. 2008)); **Commonwealth v. Elia**, 83 A.3d 254, 267 (Pa.Super. 2013) ("Pennsylvania courts have repeatedly and unanimously held that . . . the Pennsylvania Constitution affords no broader protection against excessive sentences than that provided by the Eighth Amendment to the United States Constitution.") (internal quotation marks omitted).

Thus, the separate Pennsylvania Constitution-specific approach offered by then-Chief Justice Castille in his **Baker** concurrence, and advocated by Appellant in this case, is not the law. Therefore, Appellant's Article I, Section 13 argument fails for the same reasons as his Eight Amendment challenge, and plea counsel was not ineffective in failing to raise the non-meritorious claim. **Spotz**, **supra**.

Finally, Appellant alleges that counsel should have disputed the potential application of the mandatory minimum sentence based upon his due process right to individualized sentencing. Appellant's brief at 18 -20 (citing, *inter alia*, **Commonwealth v. Martin**, 351 A.2d 650, 658 (Pa. 1976) (vacating sentences of three to ten years imprisonment, determined in advance by three different judges as appropriate for heroin sales and imposed upon unrelated defendants, based upon the failure to give individualized consideration to the particular circumstances of each offense and the separate characters of the defendants)).

"[T]he legislature has the exclusive power to pronounce which acts are crimes, to define crimes, and to fix the punishment for all crimes." **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1283 (Pa. 2014) (internal quotation marks omitted). "There is no constitutional requirement prohibiting the legislature from imposing a mandatory sentence where, in its judgment, such a sentence is necessary." **Commonwealth v. Church**, 522 A.2d 30, 34 (Pa. 1987). Rather, so long as the legislature does not mandate

a cruel or arbitrary punishment, a mandatory minimum statute's limitation upon a trial court's sentencing discretion does not violate due process. **See**, **e.g.**, **Chapman v. United States**, 500 U.S. 453, 465 (1991) ("Every person has a fundamental right to liberty in the sense that the Government may not punish him unless and until it proves his guilt beyond a reasonable doubt . . . . But a person who has been so convicted is eligible for, and the court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment."); **Commonwealth v. Chmiel**, 610 A.2d 1058, 1060 (Pa.Super. 1992) (rejecting due process challenge to statute imposing mandatory minimum sentences for crimes against children). We have already determined that applying § 9718.2(a)(1) to Appellant would not have been cruel and unusual, and Appellant does not argue that the statute is arbitrary. Hence, Appellant's due process challenge lacks arguable merit, and plea counsel did not render ineffective assistance in failing to raise it. **Spotz**, **supra**.

We discern no merit to any of Appellant's claims that plea counsel rendered ineffective assistance that induced him to enter an unknowing or involuntary guilty plea. As such, Appellant has failed to meet his burden of convincing this Court that the PCRA court erred and relief is due. **Commonwealth v. Claffey**, 80 A.3d 780, 787 (Pa.Super. 2013).

Accordingly, we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/18