J-A30015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMRU KEBEDE | : | |
| | : | |
| Appellant | : | No. 301 MDA 2018 |

Appeal from the Judgment of Sentence January 3, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003556-2007

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 26, 2020**

Appellant, Emru Kebede, appeals *pro se* from the January 3, 2018 Judgment of Sentence of 30 years' to life imprisonment imposed upon resentencing after the grant of post-conviction relief based on ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, ___U.S.___, 136 S.Ct. 718 (2016).[1] After careful review, we affirm.

A detailed recitation of the procedural and factual history is unnecessary to our disposition. Briefly, in 2007, when Appellant was 16 years old, he

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In ***Miller***, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic sentence of life without parole upon a homicide defendant for a murder committed while the defendant was under eighteen years old. ***Miller***, 567 U.S. at 479. In ***Montgomery***, the U.S. Supreme Court held that its decision in ***Miller, supra***, applies retroactively. ***Montgomery***, 136 S.Ct. at 732.

participated in events that led to the murder of the victim by another actor. On September 10, 2009, a jury found Appellant guilty of Second-Degree Murder, and on September 18, 2009, the court sentenced Appellant to a statutorily mandated sentence of life without parole ("LWOP"). This Court affirmed the Judgment of Sentence. *Commonwealth v. Kebede*, 23 A.3d 1080 (Pa. Super. 2011) (table).

On May 22, 2012, Appellant filed a Petition pursuant to the Post Conviction Relief Act ("PCRA") invoking *Miller*. The PCRA court denied relief, and on February 20, 2015, this Court affirmed. *Commonwealth v. Kebede*, No. 1228 MDA 2004, 2015 WL 7575706 (Pa. Super. Feb. 20, 2015). While his Petition for Allowance of Appeal was pending, the U.S. Supreme Court, in *Montgomery*, *supra*, held that *Miller* would be applied retroactively. Therefore, the Pennsylvania Supreme Court vacated this Court's February 20, 2015 Order, and remanded the case for proceedings consistent with *Montgomery*.[2] *Commonwealth v. Kebede*, 132 A.3d 973 (Pa. 2016).

A resentencing hearing commenced on January 3, 2018. Appellant requested that the court sentence him to a minimum sentence of 15 years' imprisonment while the Commonwealth requested the court to impose a sentence of not less than 30 years' to life imprisonment. After providing a thorough review of the applicable sentencing factors, the court resentenced

---

[2] This Court then vacated the Judgment of sentence and remanded the case to the trial court for resentencing. *Commonwealth v. Kebede*, No. 1228 MDA 2014, 2016 WL 1064951 (Pa. Super. Mar. 16, 2016).

- 2 -

Appellant to a standard range sentence of 30 years' to life imprisonment for his Second-Degree Murder conviction.

Appellant filed a Post-Sentence Motion, which the trial court denied.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

**Issues Raised**

Appellant raises the following six issues on appeal, reordered for ease of disposition:

1. Did the trial court violate Appellant's constitutional right to due process and equal protection protected under the Fourteenth Amendment of the U.S. Constitution and Article 1 § 9 of the Pennsylvania Constitution by committing reversible error by failing to give an instruction/definition of the "reasonable man" standard as requested by the Appellant regarding the inference of malice as applied to the felony murder rule?

2. Did the trial court violate Appellant's constitutional right to due process and equal protection and commit reversible error by failing to give an instruction on involuntary manslaughter in conjunction with the first-degree/second-degree murder instruction.

3. Did the resentencing court violate Appellant's constitutional right to due process protected under the Fourteenth Amendment of the U.S. Constitution and Article 1 § 9 of the Pennsylvania Constitution by imposing an illegal sentence when it failed to perform an on the record consideration of the *Miller/Knox* factors as required pursuant to the Pennsylvania Supreme Court Decision in *Commonwealth v. Machiote*, 14 WAP 2018 (Pa. 4/26/2019)?

4. Did the resentencing court violate Appellant's constitutional right to equal protection and due process protected under the fifth and fourteenth amendments of the U.S. Constitution by considering/relying upon Title 18 Pa. C.S.A. § 1102.1 as a guiding factor in imposing its sentence?[]
    a. § 1102 is unconstitutional as it violates the equal protection clause of both the state and federal constitutions. The statute differentiates punishment based solely upon a child offender's

- 3 -

chronological age. This arbitrary divide of child offenders discriminates against similarly situated juveniles and does so by neither protecting any compelling state interest nor is it supported by any rational basis.

5. Did the resentencing court violate Appellant's due process rights and abuse its discretion by sentencing [Appellant] to a manifestly excessive period of incarceration for the following reasons?"
   a. The court failed to sufficiently consider the [Appellant's] progress and rehabilitation while incarcerated, as evidenced by his prison record and the testimony of prison staff, [Appellant's] expression of remorse during his testimony before the court, [and Appellant's] amenability for rehabilitation.

6. Did the resentencing court violate Appellant's due process rights and abuse its discretion and impose a manifestly excessive sentence by improperly relying on impermissible factors?
   a. The court's stated reasons for deviating from similarly situated defendant[]s were based upon improper factors.
   b. The court improperly relied on statements of the prosecutor about facts of the case which were not supported by the criminal trial record.

Appellant's Supplemental Br. at 10-14.

**Jury Instructions**

In his first two issues, Appellant asserts that the trial court erred by failing to give certain jury instructions. *Id.* at 62-80. These issues, however, warrant no review.

An appellant is limited in the issues he can raise in an appeal challenging a disposition rendered after a remand for resentencing. *Commonwealth v. Williams*, 151 A.3d 621, 625 (Pa. Super. 2016). Where an appellant has already had the benefit of a direct appeal, which resulted in remand for resentencing, he is barred from raising any issues other than a challenge to the sentence imposed on remand. *Id.* (citing *Commonwealth v. Anderson*,

- 4 -

801 A.2d 1264, 1266 (Pa. Super. 2002). *Cf. Commonwealth v. Sepulveda*, 144 A.3d 1270, 1280 n.19 (Pa. 2016) ("[W]here a case is remanded for a specific and limited purpose, issues not encompassed within the remand order may not be decided on remand as a remand does not permit a litigant a proverbial second bite at the apple.") (internal quotation marks and citation omitted)). A defendant waives any issues that a defendant should have raised in the initial direct appeal. *Williams*, 151 A.3d at 625.

In his initial direct appeal, Appellant challenged only the sufficiency and weight of his Second-Degree Murder conviction. *See Commonwealth v. Kebede*, No. 838 EMDA 2010, unpublished memorandum at 2 (Pa. Super. filed January 11, 2011). After the Supreme Court's decision in *Montgomery*, the case was remanded only for resentencing. *See Kebede*, 132 A.3d at 973; *Kebede*, 2016 WL 1064951, at *1.

Therefore, in this appeal, Appellant can challenge only the sentence imposed on remand. Moreover, because Appellant could have challenged the jury instructions in his first appeal but did not do so, Appellant waived his claims that the trial court erred by failing to give certain jury instructions. *See Williams*, 151 A.3d at 625; *Anderson*, 801 A.2d at 1266.

**Legality of Sentence**

In his third issue, Appellant challenges the legality of his sentence. "When reviewing the legality of a sentence, our standard of review is *de novo*

and our scope of review is plenary." ***Commonwealth v. Lekka***, 210 A.3d 343, 355 (Pa. Super. 2019).

Appellant contends that the sentencing court imposed an illegal sentence because it failed to consider the factors set forth in ***Miller***/***Knox***[3] on the record in violation of ***Commonwealth v. Machiote***, 206 A.3d 1110 (Pa. 2019). Appellant's Supp. Br. at 57-61.

In ***Batts II***, the Supreme Court established a framework for the sentencing of juvenile offenders who are convicted of offenses for which the Commonwealth seeks a LWOP sentence. ***Commonwealth v. Clary***, ___ A.3d ___, 2020 WL 21200, at *4 (Pa. Super. filed Jan. 2, 2020). In cases where the Commonwealth requests a sentence of LWOP, the sentencing court must consider the ***Miller*** and Section 1102.1(d) factors[4] on the record before imposing a LWOP sentence. ***Commonwealth v. Machicote***, 206 A.3d 1110, 1120 (Pa. 2019); ***Batts II***, ***supra*** at 459-60.

If, however, the Commonwealth does not request a LWOP sentence, the sentencing court shall apply traditional sentencing considerations. ***Batts II***,

---

[3] ***Commonwealth v. Knox***, 50 A.3d 732 (Pa. Super. 2012).

[4] ***Miller*** requires that a sentencing court examine certain factors related to youth and its attendant characteristics ("***Miller*** factors"). ***Commonwealth v. Batts***, 163 A.3d 410, 421 n.5 (Pa. 2017) ("***Batts II***") (citation omitted). ***Knox*** summarized the ***Miller*** factors, which were subsequently adopted by our Supreme Court in ***Commonwealth v. Batts***, 66 A.3d 286 (2013) ("***Batts I***"). Additionally, Pennsylvania's General Assembly responded to ***Miller*** by enacting a new sentencing statute, 18 Pa.C.S. § 1102.1, for juveniles convicted of murder after June 24, 2012. ***Batts II***, ***supra*** at 419 n.4.

*supra* at 460. In such a case, the sentencing court should fashion a sentence "that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S § 9721(b); ***Clary***, ***supra*** at *4; ***see Batts II***, ***supra*** at 460.

In this case, the Commonwealth did not request that the sentencing court impose a sentence of LWOP; therefore, the trial court was not required to consider the ***Miller*** factors in fashioning a sentence and did not err in failing to do so. ***Lekka***, ***supra*** at 356-57 (concluding trial court did not err when it did not consider the ***Miller*** factors when resentencing defendant where the Commonwealth did not seek a LWOP sentence). Accordingly, this issue has no merit.

**Constitutionality of Section 1102.1(c)**

In his fourth issue, Appellant argues that Section 1102.1(c) violates the Equal Protection Clause because it differentiates punishment based solely upon a specific child offender's chronological age, 15 years of age or older and 14 years of age and younger, without protecting any compelling state interest nor having support from any rational basis.[5] Appellant's Br. at 21-38. We,

_____

[5] Section 1102.1(c) imposes a mandatory minimum sentence for juveniles convicted of second-degree murder after June 24, 2012. If the juvenile committed the murder when he was fifteen years old or older, the trial court must impose a mandatory minimum sentence of thirty years' to life imprisonment. 18 Pa.C.S. § 1102.1(c). If the juvenile committed the murder

however, decline to address the merits of this claim because the sentencing court did not impose the mandatory minimum sentence set forth in Section 1102.1(c). Therefore, Appellant was not harmed by the statute and lacks standing to challenge its constitutionality.

It is a fundamental principle of constitutional law that a party challenging a statute may not raise the issue in the abstract, but must find its basis in an injury to the party seeking to have the enactment declared constitutionally infirm. **Commonwealth v. Bell**, 516 A.2d 1172, 1177 (1986). "[O]ne who is unharmed by a particular feature of a statute will not be heard to complain of its alleged unconstitutionality." **Commonwealth v. Wildermuth**, 501 A.2d 258, 260 (Pa. Super. 1985) (quoting **Commonwealth v. Bonadio**, 415 A.2d 47, 49 n.2 (Pa. 1980).

Section 1102.1 clearly and unambiguously only applies, *inter alia,* to juvenile defendants who are convicted of second-degree murder "after June 24, 2012." 18 Pa.C.S. § 1102.1. Since a jury convicted Appellant in 2009, Section 1102.1 does not apply to Appellant and the resentencing court did not and could not sentence Appellant pursuant to Section 1102.1. Because the sentencing court did not base its sentence on Section 1102.1, Section 1102.1

---

when he was younger than 15 years old, the trial court must impose a mandatory minimum sentence of twenty years' to life imprisonment. **Id.**

did not cause Appellant any "harm," and therefore, Appellant lacks standing to challenge its constitutionality.

**Discretionary Aspects of Sentencing**

Appellant's remaining issues challenge the discretionary aspects of sentencing. Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.*** The trial court determines on a case-by-case basis whether a substantial question has been raised regarding discretionary sentencing. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. ***Id.*** (citation and quotation omitted).

Here, Appellant satisfied the first three elements by filing a timely Notice of Appeal, preserving the issues in a Post-Sentence Motion, and including a Rule 2119(f) Statement in his Brief to this Court. Thus, we address whether Appellant raises a substantial question for each challenge.

In his next issue, Appellant asserts that he raised a substantial question because the court abused its discretion in resentencing him when it failed to adequately consider his progress and rehabilitation while incarcerated as well as his remorse. Appellant's Br. at 39. Specifically, he contends that the court failed to sufficiently consider the following mitigating factors: his parents' separation; his struggles with substance abuse; his relationship with his brother who was frequently in and out of prison; and his rehabilitation. *Id.* at 40.

It is well-established that claims that the sentencing court did not adequately consider mitigating factors generally do not raise a substantial question. *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013). A specific claim that the court refused to weigh mitigating factors as an appellant wished, absent more, does not raise a substantial question. *Moury*, 992 A.2d at 175; *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question").

Appellant's claim amounts to no more than a bald allegation that the sentencing court abused its discretion in failing to consider mitigating factors.

Pursuant to the above case law, Appellant has failed to raise a substantial question and this challenge to the discretionary aspects of his sentence, thus, fails.

In his sixth issue, Appellant asserts that he raised a substantial question because the trial court improperly relied on impermissible factors. Specifically, Appellant contends that in fashioning his sentence, the sentencing court improperly considered "individuals who have been before [it] under similar circumstances[,]" and the fact that the resentencing judge remembers "being on the bench at the time [o]f the trial[.]" Appellant's Supp. Br. at 48, 51 (quoting N.T. Resentencing Hr'g, 1/3/18, at 96, 97, emphasis omitted).

This Court has concluded that an allegation that a court relied on an impermissible factor constitutes a substantial question. ***Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009). Thus, Appellant has raised a substantial question, and we consider the sentence itself.

Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal without a manifest abuse of that discretion. ***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003). To constitute an abuse of discretion, the sentence must either exceed the statutory limits or be manifestly excessive. ***Id.*** "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Moury***, 992 A.2d at 171. A sentencing court will not have abused its discretion unless the

record discloses that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill-will, or arrived at a manifestly unreasonable decision. **Mouzon**, **supra** at 1128.

After review of the parties' arguments and the record, we conclude that this issue warrants no relief. The court imposed a standard-range sentence and detailed its consideration of the parties' sentencing memorandums,[6] Appellant's mitigation report and psychological evaluation, letters in support of Appellant, and Appellant's Department of Corrections' records in fashioning Appellant's sentence. Trial Ct. Op. at 3-4 (unpaginated); N.T. Resentencing Hr'g at 95-98. The sentencing court did not ignore or misapply the law, exercise its judgment for reasons of partiality, prejudice, bias or ill-will, or arrive at a manifestly unreasonable decision.

Because there is no merit to Appellant's claims, we affirm the judgment of sentence.

---

[6] Appellant's sentencing memorandum discussed the general sentencing factors, *i.e.*, the protection of the public, the gravity of offense, and his rehabilitative needs.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/26/2020